IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-38,130-03






EX PARTE LESLIE JOSEPH HOFMAN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W10344-2 IN THE 355TH JUDICIAL DISTRICT COURT


FROM HOOD COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
prohibited substance in a correctional facility, and sentenced to thirty-five years' imprisonment. The
Second Court of Appeals affirmed his conviction. Hofman v. State, No. 02-07-0092-CR (Tex. App.
- Ft. Worth, August 31, 2007, pet. ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object or preserve error with respect to the State's loss, destruction, or failure to
produce evidence that would have been favorable to the defense. Applicant also alleges that counsel
failed to request a jury instruction regarding the State's failure to produce the evidence, failed to
adequately demonstrate or argue Applicant's lack of knowledge or affirmative link to the contraband,
failed to interview or present witnesses for the defense at trial, and failed to interview or present
character witnesses during the punishment stage. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State lost or destroyed evidence,
specifically the shoes in which the contraband was discovered and video tape recordings of
Applicant's arrival at the jail immediately prior to the discovery of the contraband. If such evidence
existed but was not produced at trial, the trial court shall make findings as to whether any request
was made for such evidence by defense counsel, and as to whether any objection was made by
defense counsel. The trial court shall also make findings as to whether there were witnesses who
were available and who would have testified favorably for the defense, but were not called by
counsel. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 11, 2009

Do not publish